IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1384-NJR-DGW |
| | ) |
| DERRICK THREADGILLE, | ) |
| MASON YANKEY, JASON FURLOW, | ) |
| DEAN GROSS, | ) |
| JACQUELINE LASHBROOK, | ) |
| KRISTA ALLSUP, CHAD JAMES, | ) |
| AARON SZCZEBLEWSKI, | ) |
| BILLY ROSE, MAJOR DOE #3, | ) |
| CHRISTOPHER FRISCHE, | ) |
| NATHAN BERRY, LT. JOHN DOE #1, | ) |
| NURSE JANE DOE #2, | ) |
| UNIDENTIFIED JOHN AND JANE | ) |
| DOES, and | ) |
| LOCKSMITH MIKE MACIURA, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on two Reports and Recommendations from United States Magistrate Judge Donald G. Wilkerson (Doc. 31, 52). The first Report and Recommendation (Doc. 31) pertains to Plaintiff David Robert Bentz's first and second motions for injunctive relief (Docs. 4, 15). The second Report and Recommendation (Doc. 40) pertains to Bentz's third motion for injunctive relief (Doc. 36). For the reasons explained below, the Reports and Recommendations are adopted, and Bentz's motions for injunctive relief are denied.

### A. First Motion for Injunctive Relief (Doc. 4).

Bentz filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated by various prison officials at Menard Correctional Center. Specifically, Bentz alleged that that he was attacked by his cellmate, Rick Huff, four times in late 2017, and some or all of the defendants failed to protect him from these attacks in order to retaliate against him for various grievances and lawsuits he filed in the past. He further alleged that he was refused medical care for the injuries to his head, eye, and body. As of the date of his Complaint (December 22, 2017), Bentz continued to be celled with Huff, and he had not received medical care. In Bentz's first motion for preliminary injunction (Doc. 4), which was filed as part of his complaint, he sought to be removed from a cell with Huff and to get immediate medical care.

Magistrate Judge Wilkerson recommended denying this motion because at the evidentiary hearing on June 12, 2018, Bentz stated that he was no longer celled with Huff, and medical treatment would be "pointless"; thus, he wanted to withdraw the motion (Doc. 31). Bentz does not object to Magistrate Judge Wilkerson's recommendation (*see* Doc. 35).

Because no party has filed an objection, the undersigned need not undertake *de novo* review of the Report and Recommendation. *Contra* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986). The undersigned accordingly adopts the portion of the Report and Recommendation

(Doc. 31) pertaining to Bentz's first motion for preliminary injunction (Doc. 4), and denies that motion.

### B. Second Motion for Injunctive Relief (Doc. 15)

On March 1, 2018, Bentz filed this motion in fourteen of his pending lawsuits in both the Southern and Central District of Illinois (Doc. 15). In the motion, Bentz claims that he does not have meaningful access to the courts because his mail and notices of electronic filing from the courts are delayed for weeks or even months; some documents from the courts never reach him and vice versa; and the prison policies regarding excess legal storage deprive him of access to his legal materials or make it exceedingly difficult for him to do so (Doc. 15).

Magistrate Judge Wilkerson recommended denying this motion because at the evidentiary hearing on June 12, 2018, Bentz stated that he wished to withdraw his motions and proceed with the underlying lawsuit (Doc. 31). Bentz objected to this recommendation, claiming he was unaware that the evidentiary hearing pertained to this motion, and he never intended to withdraw the motion or not pursue it (Doc. 35). He asks the Court to "reinstate" the motion (Doc. 35).

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's

conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

The record establishes that Bentz was told three times that the hearing pertained to both of his motions for injunctive relief. Specifically, the Order setting the July 12th evidentiary hearing indicated that the hearing was set as to Bentz's first and second motions for injunctive relief (*see* Doc. 23). When the clerk called the hearing to order "on the plaintiff's *motion* - -," Magistrate Judge Wilkerson interrupted her to clarify that the hearing was on the Bentz's *motions*, plural not singular. He subsequently stated a second time that the hearing was on Bentz's *motions* for preliminary injunction. After Bentz indicated that his first motion for injunctive relief was moot, Judge Wilkerson tried to move on to address the second motion, but Bentz cut him off and stated "all of them" were "pretty much moot." Judge Wilkerson stated he accepted the withdrawal of the *motions*, and Bentz thanked him. Given this record, the undersigned has no reason to conclude that Bentz did not intend to withdraw both his first and second motions for injunctive relief.

The record also demonstrates that there is no reason to allow Bentz to proceed on his second motion for injunctive relief in spite of his previous request to withdraw the motion. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Here, Bentz did not specify in his motion, or in his objection to the Report and Recommendation, how any of the issues he identified arose

within the context of this particular lawsuit or caused him to suffer any actual or potential detriment in his ability to pursue this particular lawsuit (*see* Doc. 15). Furthermore, Bentz has already filed another motion that remains pending regarding the same issues brought up in his second motion for injunctive relief (Doc. 39).

The undersigned accordingly adopts the portion of the Report and Recommendation (Doc. 31) pertaining to Bentz's second motion for preliminary injunction (Doc. 15) and denies that motion.

C. **Third Motion for Injunctive Relief** (Doc. 36)

Bentz filed his third motion for injunctive relief on July 26, 2018 (Doc. 36). Like his second motion, it was filed in a multitude of cases proceeding in both the Southern and Central District of Illinois (Doc. 36). In this motion, Bentz states that his ability to litigate is being hampered by limited writing supplies. He states that he is only allowed, at most, ten sheets of paper, one pen, and one envelope per month. These limited supplies, provided to indigent inmates, are insufficient to litigate the fifteen cases listed in the caption. Bentz states that he is therefore being denied access to the Court. He seeks a remedy to this predicament and a general extension of the deadlines.

Magistrate Judge Wilkerson determined that no response from Defendants or hearing on the motion was necessary because it was apparent from the face of the motion that Bentz is not entitled to the relief requested (Doc. 40). Because Bentz did not specify in the motion how he is disadvantaged in this matter due to the lack of supplies, or whether he has missed any deadlines in this matter due to the lack of supplies, he has not shown a reasonable likelihood of success on the merits, that he would suffer irreparable harm, or that he has no adequate remedy at law (Doc. 40).

Bentz did not file an objection by the deadline on September 7, 2018. Because no party has filed an objection, the undersigned need not undertake *de novo* review of the Report and Recommendation. *Contra* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986). The undersigned accordingly adopts the Report and Recommendation (Doc. 40) pertaining to Bentz's third motion for preliminary injunction (Doc. 36) and denies that motion.

## Conclusion

Magistrate Judge Donald G. Wilkerson's Reports and Recommendations (Docs. 31, 40) are **ADOPTED** in their entirety. Plaintiff David Robert Bentz's motions for injunctive relief (Docs. 4, 15, 36) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   September 11, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**