IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-1384-NJR-MAB |
| | ) |
| **DERRICK THREADGILLE,** | ) |
| **MASON YANKEY, JASON FURLOW,** | ) |
| **DEAN GROSS,** | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **KRISTA ALLSUP, CHAD JAMES,** | ) |
| **AARON SZCZEBLEWSKI,** | ) |
| **BILLY ROSE, MAJOR DOE #3,** | ) |
| **CHRISTOPHER FRISCHE,** | ) |
| **NATHAN BERRY, LT. JOHN DOE. #1,** | ) |
| **NURSE JANE DOE #2,** | ) |
| **UNIDENTIFIED JOHN AND JANE** | ) |
| **DOES, and MIKE MACIURA** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Order to Show Cause filed by Defendants on August 28, 2018 (Doc. 45), the motion and notice filed by Plaintiff David Robert Bentz ("Bentz") on October 26, 2018 (Doc. 59),[1] and the Motion for Order to Show Cause filed by Bentz on November 21, 2018 (Doc. 64).

In short, Bentz claims that he is not receiving documents filed in this case (Doc. 39,

---

[1] The full title of the document is "Plaintiff's Individual Motion[s] in Each Above Action for Documents and Docket Sheet(s), and Extension of Any Deadlines from April 17, 2018, to Date of this Motion, and Notice to Court of Frustrating and Impeding Access to Court(s) Individually Within Above Action(s) in Retaliation for Said Action(s) and/or Other, and Request a Oral Hearing of Status [Due] To Not Receiving Documents in Each Action" (Doc. 59).

Doc. 59). He also claims that he is being denied incoming "regular mail" from the Attorney General's Office; denied supplies, such as pens, paper, envelopes, forms for legal postage; denied access to his legal property and the law library; and not provided with notifications of electronic filings (Docs. 58, 59).

For their part, Defendants claim that it's Bentz's own fault that he is not receiving documents because he refuses to accept mail from the Attorney General's Office (Doc. 45). Defendants listed the pieces of mail that have been returned to them with "Inmate Refused" written on the envelope (Doc. 45; Doc. 54). They also submitted incident reports from Menard Correctional Center memorializing each time Bentz refused to accept mail (Doc. 45-1, Doc. 45-2, Doc. 54; Doc. 54-1). Defendants ask the Court to order Bentz to show cause why sanctions should not be entered against him for committing a fraud on the Court regarding the purported obstruction with his mail (Doc. 45).

Bentz is adamant, however, that he has never refused any mail of any kind (Doc. 63). He claims that his "regular mail" from the Attorney General's Office was withheld by three correctional officers in retaliation for filing grievances (Doc. 63). He further claims that it is Defendants who are perpetrating a fraud on the Court because all of the incident reports produced by Defendants were fabricated (Doc. 63). Bentz also claims that Defendants are misrepresenting that mail from the Attorney General's Office is "legal mail"; according to Bentz it is not "legal mail" because it is not marked as such and therefore it is "regular" mail (Doc. 63). He makes his own request for the Court to order Defendants to show cause why sanctions should not be entered against them for

their misconduct (Docs. 63, 64).

To begin with, no relief is warranted at this time with respect to Bentz's claim that he is being denied access to the law library. According to Defendants, records from Menard show that Bentz received multiple passes to visit the law library during August and September 2018 (Doc. 61). Bentz was then placed in segregation from September 27, 2018, through October 26, 2018 (*Id.*). Since his release from segregation, the law library had not received any requests from Bentz to visit as of November 9, 2018 (*Id.*). Bentz does not dispute Defendants' assertions or provide any specifics about requests that he purportedly made that were ignored or denied (*see* Docs. 63, 64). Consequently, the record does not support a finding that Bentz has been deprived of access to the law library.

Likewise, no relief is warranted at this time with respect to Bentz's claim that he is being denied access to his legal property. According to Defendants, Bentz asked for and was granted access to his legal property on October 13, 2018 (Doc. 61). Bentz did not make any additional requests as of November 9, 2018 (*Id.*). Once again, Bentz does not dispute Defendants' assertions or provide any specifics about requests that he purportedly made that were ignored or denied (*see* Docs. 63, 64).[2] Consequently, the record does not support a finding that Bentz has been deprived of access to his legal property.

---

[2] The Court notes that Bentz filed a motion on March 26, 2019 (Doc. 76), to which Defendants have not yet had the opportunity to respond. Bentz asserts in the motion that he has been denied all access to his legal property "since March 03, 2019" (Doc. 76). But again, Bentz does not bother to explain when he requested access and what response, if any, he received (*see* Doc. 76).

As for Bentz's claim that Menard refuses to provide him with "adequate" supplies, such as pens, paper, envelopes, etc., necessary to litigate this case, Bentz does not provide any specifics regarding the type of supplies he is provided, the amount that he is given, or the frequency with which he receives them, nor does he explain why the amount he is given is inadequate (*e.g.*, "The prison gives me ten pages of paper per month. This is inadequate because . . . ") (*see* Doc. 59). Consequently, the Court does not have the information necessary to assess whether Bentz is being provided with supplies in an amount adequate to satisfy the Constitution. *See Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995) ("[P]art of meaningful access [to the courts] is furnishing basic scribe materials for the preparation of legal papers. . . . Of course, prisoners are not entitled to limitless supplies of such materials, merely to that amount minimally necessary to give them meaningful access to the courts."). Furthermore, Bentz does not provide any direct evidence that he was prevented from obtaining access to the court in this particular action because of the alleged shortage of supplies (*see* Doc. 59).[3] For these reasons, no relief is warranted with respect to Bentz's claim about inadequate legal supplies.

The Court now turns to Bentz's claim that he is not receiving notifications of electronic filings ("NEFs") or documents filed in this case (Docs. 58, 59). Once again, Bentz's papers lack the specifics necessary to afford him any relief. To that end, Bentz will

---

[3] The Court notes that Bentz filed a motion on March 26, 2019 (Doc. 76), to which Defendants have not yet had the opportunity to respond. Bentz asserts in the motion that he "has completely been denyed [sic] of all legal materials, writing supplies [ sic] (i.e., pen, paper, ect [sic]) . . . since March 03, 2019, and still continuing to the date of this motion, and after" (Doc. 76). Bentz provides no further specifics about his current circumstances or the lack of writing supplies (*see* Doc. 76).

be provided with a copy of the docket sheet and an opportunity to tell the Court exactly which documents he is missing.

As for the parties' mutual requests for orders to show cause, those requests are denied. The undersigned directs Magistrate Judge Mark Beatty to set a hearing as to the alleged issues surrounding Bentz's access to the courts. Consequently, there is no need to issue orders to show cause at this time.

## Conclusion

The motion for order to show cause filed by Defendants (Doc. 45) is **DENIED.** The motion filed by Bentz regarding the denial of access to the Court (Doc. 59) is **DENIED.** The motion for order to show cause filed by Bentz (Doc. 64) is **DENIED.**

As a one-time courtesy, the Clerk of Court is **DIRECTED** to send Bentz a copy of the current docket sheet in this matter, along with a copy of this Order. Both shall be sent via United States Mail to Bentz at Menard Correctional Center. Future requests for copies of the docket sheet and/or filings in this case must be submitted in writing along with the required prepayment of $0.50 per page.

This matter will be set for hearing before Magistrate Judge Mark A. Beatty. Further details and instructions will be provided in a separate order.

**IT IS SO ORDERED.**

**DATED:** March 27, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**