IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ,
#S03210,

        Plaintiff,

v.

DERRICK THREADGILLE, *et al.*,

        Defendants.

Case No. 17-cv-01384-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Sanctions (Doc. 110) filed by Defendants and the Motion to Strike (Doc. 111) filed in response by *pro se* Plaintiff Bentz. For the following reasons, both motions are denied.

### BACKGROUND

Bentz commenced this action pursuant to 28 U.S.C. § 1983 alleging his constitutional rights were violated when Defendants failed to protect him from assaults by his cellmate and then failed to provide adequate medical treatment for his resulting injuries. (*See* Doc. 5). On April 24, 2019, Magistrate Judge Beatty held a hearing regarding Bentz's claims that he was having issues gaining meaningful access to the Courts. (Docs. 81, 86). Bentz claimed he was not receiving documents in this case, Notices of Electronic Filings, access to the law library, adequate writing materials, and mail from the Illinois Attorney General's Office. Following the hearing, Magistrate Judge Beatty determined that no further inquiry was warranted, as Bentz had presented vague

testimony that was insufficient to refute the records produced by Defendants. Bentz was advised that in future filings he should include concrete facts and details and provide the Court with the who, what, where, when, and how involved in his allegations. (Doc. 86, p. 6). Bentz then filed two motions asking for additional time to complete discovery claiming that he was continuing to have issues with not receiving documents. (*See* Docs. 92, 98). Magistrate Judge Beatty denied the motions and determined that Bentz had again only made vague assertions, in disregard to the Court's previous orders directing him to provide details in support of his allegations, as well as assertions that were implausible, inconsistent, and demonstrably untrue. (Doc. 100). Defendants were given until January 14, 2020, to file whatever motion they deemed appropriate. (Docs. 100, 109).

Bentz then filed a motion entitled "Motion for Status/Local Rule" requesting the Court to enforce local rules regarding receipt of electronically filed court documents. (Doc. 102). The undersigned denied the motion finding that Bentz's claim that he had not received "anything" from this Court or Defendants for several months was again a generalized statement not supported by any factual details. (Doc. 109). On January 14, 2020, Defendants filed the Motion for Sanctions. (Doc. 110).

### MOTION FOR SANCTIONS AND MOTION TO STRIKE

Defendants ask the Court to sanction Bentz and dismiss this case with prejudice due to his continuous filing of frivolous motions containing vague allegations in violation of orders by this Court directing him to include concrete facts and details when filing motions. (Doc. 110) (citing Bentz's motions filed at Docs. 92, 98, and 102). Despite orders to cease filing generalized motions containing half-truths and false statements, Bentz

continues to file motions which have frustrated the judicial process, harmed judicial efficiency, and caused Defendants and their counsel to expend time and effort to respond to the frivolous motions. They cite to four other civil cases filed by Bentz in which the courts in this district have addressed attempts by Bentz to deceive, file duplicative motions, and abuse the motion practice. (*Id.* at p. 3). Because he has a history of inappropriate behavior in this case and others, Defendants argue that a harsh sanction is required.

Bentz filed a motion asking the Court to strike the Motion for Sanctions. (Doc. 111). Bentz argues that Defendants failed to provide him with a written notice of the motion twenty-one days before filing in compliance with Rule 11 of the Federal Rules of Civil Procedure. Allowing the Motion would prejudice him, because he was not given proper notice of the request for sanctions and an opportunity to correct the issues raised. He also states that the Motion is Defendants' improper attempt to object to the Court's previous orders.

In response, Defendants argue that they move for sanctions pursuant to Rule 41(b) for Bentz's failure to comply with court orders, which does not provide a twenty-one day safe-harbor provision. (Doc. 112). They also claim that his argument that their motion is an improper attempt to object to the Court's orders is underdeveloped and incomprehensible. Because Bentz did not file a response to the Motion for Sanctions and instead filed a Motion to Strike, Defendants argue the Court should consider his failure to respond as an admission of the merits of their Motion.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure

to prosecute an action or to comply with court orders. The action may be dismissed when there is a "clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F. 2d 465, 473 (7th Cir. 1992) (internal citations omitted). *See also Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011). Although graduated sanctions prior to dismissal are not required, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chi.*, 2 F.3d 752, 760 (7th Cir. 1993)). *Brown,* 664 F.3d at 192. Dismissal is the most severe sanction that a court may apply; as such, a court must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

Here, the Court finds that dismissal is not appropriate at this time. Bentz has failed to comply with the Court's order on three occasions, but at no point has the Court explicitly warned Bentz that noncompliance would result in dismissal. Therefore, the motion is denied, but **Bentz is warned that when filing future motions failure to comply with the Court's orders directing him to refrain from simply stating vague allegations and to provide the Court with factual details may result in sanctions, including dismissal of this lawsuit.** (*See* Doc. 86, 100).

The Court also denies the Motion to Strike (Doc. 111) filed by Bentz. Bentz has not shown that the pleading is "redundant, immaterial, impertinent, or scandalous matter[,]" FED. R. CIV. P. 12(f), or that the content causes him prejudicial harm. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992). Rather, he disputes the Motion for Sanctions

filed by Defendants, and a motion to strike "is not a proper device for placing the actual merits of a party's pleadings in issue." *Armstrong v. Snyder,* 103 F.R.D. 96, 100 (E.D. Wisc. 1984). As motions to strike are generally disfavored and serve only to delay, the Motion is denied. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

Finally, the Court notes that discovery has concluded, and in light of Magistrate Judge Beatty's order directing Defendants to file whatever motion deemed appropriate, the Court *sua sponte* grants an extension of time to Defendants to file a motion for summary judgment. Motions for summary judgment shall be due by **September 25, 2020.**

**IT IS SO ORDERED.**

DATED: August 25, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**